IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| JASON V. TORRES, *Personal Representative of the Estate of Susan Michelle Torres and Susan Anne Catherine Torres,* </br></br> Plaintiff, </br></br> v. </br></br> WALTER DILLARD DIXON, M.D., et al., </br></br> Defendants. | ) ) ) ) ) ) ) ) ) Civil Action No.  1:07cv936 ) ) ) ) ) |

MEMORANDUM OPINION AND ORDER

Three motions are under advisement, having been briefed and argued.

Defendants' motion (no. 71) for leave to file an amended answer, adding the defenses of failure to mitigate damages and contributory negligence, is DENIED. In the court's view, both defenses are futile within the meaning of *Foman v. Davis*, 371 U.S. 178 (1962), and *Ward Electronics Service, Inc. V. First Commercial Bank,* 819 F2d 496 (4th Cir. 1987).

However, even if the futility standard be deemed inapplicable, the proposed amendments are unduly prejudicial to plaintiffs, and are dilatory. While defendants may not have known the particulars of Dr. McManus's testimony until recently, they have clearly been on notice for many months that Mrs. Torres's knowledge and alleged failure to act on that knowledge could be put in issue, and they failed to do so without excuse. And, if the amendment were allowed now, plaintiffs would be required to reinvestigate the case and potentially seek new expert testimony on short notice without justification. These considerations require denial of the motion for leave to amend.

Defendants' motion (no. 79) to vacate the protective order involving Va. Code § 8.01-399(B) is GRANTED. Plaintiffs' reading of the statute is simply incorrect. Because Mrs. Torres's physical condition is "at issue," the first sentence of that subsection of the statute does not preclude use of relevant testimony about what Mrs. Torres said to a physician or what a physician said to her or to another physician. *Pettus v. Gottfried,* 269 Va. 69, 606 S.E. 2d 819, 824-826 (2005). The testimony in issue here is not protected by privilege, and it is discoverable and useable by defendants' experts, subject of course to objection at trial on grounds other than privilege.

Moreover, even if these communications were not discoverable under the first sentence of Va. Code 8.01-399(B), the court finds that the testimony in issue could be still used by defendants, because such use is "necessary to the proper administration of justice" as provided in the second sentence of the subsection.

The court also finds that the Health Insurance Portability and Accountability Act of 1996, PL. 104-191 (HIPAA) does not apply here, because the Virginia statute is more restrictive than the federal law.

Defendants' motion (no. 73) to alter the deadline for plaintiffs' responses to requests for admission is GRANTED. Plaintiffs may serve responses not later than April 18, 2008. Pretrial submissions may be reasonably amended if necessary.

ENTERED this 3rd day of April, 2008.

/s/
Thomas Rawles Jones, Jr.
United States Magistrate Judge